## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia,
ex rel. Dept. of Mental Health,
Mental Retardation
and Substance Abuse Services,
and William E. Landsidle,
Comptroller

v.

William A. Quick, Jr.,
an incompetent, and
Timothy Quick,
guardian of the person
and property of
William A. Quick, Jr.

August 8, 1995

Case No. CL95-697

BY JUDGE ROBERT P. DOHERTY, JR.

The facts of this case are that the Defendant was involuntarily committed pursuant to § 37.1-67.3, Code of Virginia (1950), as amended, to Catawba Hospital, a state institution, from May 11, 1993, through June 3, 1993. He was court ordered to Catawba Hospital for a mental evaluation concerning his competency to stand trial on several criminal cases from August 30, 1994, to December 8, 1994. Upon a finding that Mr. Quick was "likely to remain incompetent for the foreseeable future," a nolle prosequi was entered in the criminal cases, and he was again civilly committed under § 37.1-67.3 on December 8, 1994. He was released from that civil commitment on March 21, 1995.

The parties agree that the Defendant is liable to the Commonwealth for the costs of his hospitalization for all times that he was involuntarily committed

under § 37.1-67.3. The issue presented is whether the Defendant is liable for the costs of his hospitalization pursuant to §§ 37.1-105 and 37.1-110 for the time period from August 30, 1994, to December 8, 1994, while he was being evaluated for competency to stand trial in accordance with § 19.2-169.1.

The decision in this case hinges upon the definition of the term "patient" as set forth in § 37.1-105. That code section states in pertinent part as follows:

> Any person who has been or who may be admitted to any state hospital or who is the subject of counseling or receives treatment from the staff of a state hospital shall be deemed to be a patient for the purposes of this article.
> The income and estate of a patient shall be liable for the expenses of his care and treatment or training in a state hospital.

Upon first reading, it would appear that the Defendant falls within this general definition of a patient and becomes liable for all the costs of his hospitalization. That, however, seems to fly in the face of the axiom that the Sheriff has a duty to provide food, clothing, shelter, and medical attention for prisoners in his care. Section 53.1-112, Code of Virginia (1950) as amended, specifically addresses the issue of payment of medical care for prisoners and requires the political subdivision (through the Sheriff) to pay these costs. In addition, the case of *Commonwealth v. Jenkins*, 224 Va. 456 (1982), is almost right on point. There the Court declared that a person who "is not under the direct control of the criminal authorities during his incompetency" and confinement in the state hospital fits the definition of a "patient." As a corollary to that finding, it naturally follows that a person who is under the direct control of criminal authorities during his incompetency and stay at a state hospital is not a patient. Accordingly, I find that the Defendant was not a patient for the time that he was being evaluated pursuant to § 19.2-169.1.

Upon that analysis, I further find that the Defendant is not liable for the cost of his hospitalization for the period of time he was held at Catawba Hospital for evaluation of his competency to stand trial from August 30, 1994, through December 8, 1994.

I will ask Mr. Perkinson to prepare the appropriate final order reflecting a judgment as of the date of this letter for the costs of the Defendant's hospitalization while he was a patient at Catawba Hospital, excluding all costs incurred while the Defendant was an inmate.